IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                           Plaintiff,

    v.

DAVID M. NELSON,

                           Defendant.

OPINION AND ORDER

10-cv-61-bbc
03-cr-175-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The criminal proceedings involving defendant David M. Nelson have a convoluted history. In the latest chapter, the matter is back before this court after the Court of Appeals for the Seventh Circuit remanded defendant's § 2255 motion for post conviction relief.

      Defendant was charged in 2003 with two counts of possession of materials that may be used to manufacture methamphetamine. He entered a plea of guilty to one count and was sentenced on November 24, 2004 to a term of imprisonment of 120 months. That sentence was reduced to 96 months on December 5, 2005, after defendant appealed from the first sentence and the government conceded it could not support two of the enhancements to his sentence. At both sentencings, I found defendant to be a career

1

offender because he had three prior crimes of violence, two of which were crimes of escape that were considered crimes of violence under the then-applicable circuit law. E.g., United States v. Golden, 466 F.3d 612 (7th Cir. 2006) (holding that escape is crime of violence because escape involves serious potential risk of physical injury to another). The career offender finding had little practical effect on defendant's sentence because he had 23 criminal history points, almost twice the 12 that made him eligible for a criminal history category of VI, the highest category. The only effect of the criminal offender finding was to raise his base offense level from 22 to 24 under U.S.S.G. § 4B1.1(b) (applying the higher of the offense level specified under career offender guideline and the offense level otherwise applicable).

Defendant did not appeal from his second sentencing. However, on February 8, 2010, he filed a motion in this court for post conviction relief under 28 U.S.C. § 2255, contending that the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 129 S. Ct. 687 (2009), established that he had been sentenced improperly in 2005, when his prior crimes of escape were taken into consideration in determining his criminal history score. In Begay, the Court held that a sentencing court could not treat a prior crime as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), unless the offense involved purposeful conduct that presented a serious potential risk of physical injury to another. Thus, the crime of drunk driving could not serve

2

as a predicate conviction for a finding of armed career criminal. In <u>Chambers</u>, the Court held that the same reasoning applied to escapes from custody or failure to report; they could not be treated as predicate offenses if they did not have "as an element the use, attempted use, or threatened use of physical force applied against the person of another." <u>Chambers</u>, 129 S. Ct. at 691. Defendant's two crimes of escape did not come within that definition because they were essentially walkaways from custody; therefore, he argued, he was entitled to be resentenced without the career offender enhancement.

On February 12, 2010, I denied defendant's motion for post conviction relief. Defendant moved for reconsideration; that motion was denied as well. He appealed and on September 3, 2010, the court of appeals remanded the case "for further consideration in light of <u>Welch [v. United States]</u>" 604 F.3d 408 (7th Cir. 2010).

When I denied defendant's § 2255 motion, I did so on two grounds: first, it was not timely because it was not filed within a year after the Supreme Court had announced the change in the law and second, <u>Chambers</u> and <u>Begay</u> were not retroactive. The second holding was a misstatement. The court of appeals has held that <u>Begay</u> and <u>Chambers</u> have retroactive effect. However, that does not mean that they apply to defendant's situation. In <u>Welch v. United States</u>, 604 F.3d 402 (7th Cir. 2010), the court of appeals held that the two cases had retroactive effect as to sentences imposed under the Armed Career Criminal Act because they made a substantive change in the law. It did not say that the decisions

3

applied to sentences imposed under the sentencing guidelines.

## OPINION

### A. Scope of Remand Order

On remand, defendant argues that this court should limit its reconsideration of defendant's motion to the effect of Welch and not consider the matter of timeliness or any other issue not raised by the government in opposition to defendant's appeal of his § 2255 motion. He argues that the government waived its participation in that appeal and thereby lost its right to argue matters that were not the subject of the remand. It is true that the government moved for leave to waive its right to participate in the appeal and that the court of appeals granted the motion on May 5, 2010, but this action does not deprive the government of the right to be heard on remand. Even if it did, the court can choose on its own to consider the timeliness of the motion or any other issue relevant to defendant's motion. Day v. McDonough, 547 U.S. 198 (2006) (holding in case involving state habeas petition that district courts may give sua sponte consideration to timeliness of habeas petition if prosecutor has not deliberately waived issue, but are not required to do so). In this case, there was no deliberate waiver of any issue by the government; it simply chose not to participate on appeal in a case in which the district court had refused to grant a certificate of appealability and the court of appeals never overruled the denial of the certificate. Had

the court of appeals determined that defendant was entitled to a certificate of appealability, no doubt it would have sought the government's response to the motion.

The court of appeals did not say in its remand order that it was sending the case back with instructions to grant defendant's motion and it did not identify a "discrete, particular error" to be corrected on remand without the need to redetermine other issues.  Cf. United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996) (limiting scope of appeal from resentencing to issue identified for remand).  Accordingly, I view the remand order as an opportunity to reconsider the entire motion, taking Welch into consideration.

### B. Timeliness

I will start, as I did before, with the matter of timeliness.  Section 2255 has a one-year statute of limitations.  The date on which the period starts to run can be one of several events; the one material to this motion is the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Giving defendant the benefit of the doubt, I will assume that his year started as of January 13, 2009, with the decision in Chambers, the later of the two decisions on which he relies.  The statute of limitations expired one year later, on January 13, 2010, a little less than a month before defendant filed his § 2255 motion.

5

In an effort to show that he was not barred from filing his motion by the running of the statute of limitations, defendant argues that he is entitled to equitable tolling of the statute of limitations. A prisoner is entitled to equitable tolling "only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). In support of this argument, defendant filed an affidavit on June 25, 2010, when he moved for reconsideration of the denial of his § 2255 motion. Defendant averred that in late fall 2009, the library in his prison began a transition from hard copy legal materials to computerized materials, with the result that from November 2009 until late January 2010, he did not have access to many of the library's materials and publications and did not know that the decision in Chambers had been applied to collateral motions on appeal.

Defendant's averments fall far short of a showing of an extraordinary circumstance far beyond defendant's control that would warrant equitable tolling. E.g., Nolan v. United States, 358 F.3d 480, 483, 484 (7th Cir. 2004) (courts have power to grant equitable tolling of statute of limitations for § 2255 motion, but "remedy is reserved for '[e]xtraordinary circumstances beyond the litigant's control [that] . . . prevented timely filing'"); see also Holland,130 S. Ct. at 2564-65 (holding that garden variety claim of excusable neglect does not warrant equitable tolling of statute of limitations applicable to § 2254 motion, but that litigant need not show maximum feasible diligence; "reasonable diligence" will suffice);

6

Lawrence v. Florida, 549 U.S. 327, 336 (2007) (litigant seeking benefit of equitable tolling for filing of § 2254 motion must show that he has pursued his rights diligently and that he was prevented from filing on time by extraordinary circumstances).  Even if defendant had no access to any legal materials from late November 2009 until the end of the period of limitations on January 13, 2010, he does not say that he lacked access to such materials for the more than ten months between the Supreme Court's decision in Chambers and the library's transition to online legal sources.  It is not even clear that defendant was denied access to the legal materials he needed during the seven to eight weeks that the library was in transition.  He says only that "many of the materials" including Supreme Court cases, were not available.  Aff., dkt. #10.

As unfair as it may seem to a prisoner presumably unaccustomed to consulting legal materials on a regular basis, it is the law that he must show that he has pursued his rights diligently before he can claim any entitlement to equitable tolling.  Waiting ten months before reviewing the law is not reasonable diligence and does not meet the high standard required to show a right to equitable tolling.  Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006) (lack of access to prison law library for 60 days of limitations period is not ground for equitable tolling).

C. Entitlement to Relief

7

1. Availability of relief under § 2255

Even if defendant could make the necessary showing of diligence, he has not alleged anything to suggest that he is entitled to relief on his claim. As the court of appeals explained in Welch, 604 F.3d at 412, the general rule is that deviations from the sentencing guidelines are not cognizable on § 2255 motions. Scott v. United States, 997 F.2d 340, 343 (7th Cir. 1993) (holding that guidelines were not "laws of the United States" within meaning of § 2255, which allows challenges to sentence that are imposed "in violation of the Constitution or laws of the United States"). Welch's case was a different matter because he had been sentenced under the Armed Career Criminal Act. If he prevailed on appeal, his potential penalty decreased to a statutory *maximum* of ten years of imprisonment from a mandatory *minimum* penalty of fifteen years. 18 U.S.C. § 924(e). In other words, if his three prior crimes did not qualify as crimes of violence, then he was sentenced in excess of the maximum authorized by law. Id. at 412 (citing Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) ("While section 2255 does provide relief in cases in which 'the sentence was in excess of the maximum authorized by law,' this provision applies to violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues.")

Unlike Welch, defendant was sentenced under the sentencing guidelines. He was never at risk of being sentenced above the statutory maximum applicable to his crime. It was

8

always within the court's discretion to sentence him anywhere within the statutory maximum, whatever the guidelines prescribed. United States v. Booker, 543 U.S. 220 (2005) (holding guidelines advisory); see also United States v. Corner, 598 F.3d 411, 416 (7th Cir. 2010) (overruling earlier cases holding that sentencing judges lack discretion to ignore career offender guideline; judges are free to disagree with it because it is just a guideline and not a statute). Under the advisory guidelines, a sentencing judge is free to impose any sentence up to the statutory maximum, so long as the judge acts reasonably when determining the sentence. Id. at 415.

As the government points out, if a defendant sentenced under the advisory guidelines were to prevail on his claim to resentencing without consideration of the career offender enhancement, it would not necessarily follow that he would receive a lower sentence than he received at his previous resentencing. This is particularly true in defendant's case, in which application of the career offender guideline increased his guideline range only slightly: from 63-78 months to 77-96 months.

Considering the 23 criminal history points that defendant had amassed before committing the crimes charged against him in this court, it would not be unreasonable to give him the same sentence of 96 months that he received in 2005. In fact, I can say unequivocally that in light of defendant's criminal history, I would not reduce his sentence if his case were to be remanded for that purpose.

2. Availability of relief under 28 U.S.C. § 2241

In some situations, prisoners can take advantage of the "escape hatch" in § 2255(e), which allows a court to entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241. To do this, the prisoner must make two showings: (1) the law has changed in a way that affects his conviction or sentence and that the change is retroactive; (2) the § 2255 remedy is inadequate or ineffective to test the legality of his detention because he never had a reasonable chance to correct a fundamental defect in his conviction or sentence. In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998).

Technically, the change is retroactive; whether it applies to defendant is questionable, since he was not sentenced under the Armed Career Criminal Act. The change announced in Begay and Chambers would have changed only his sentencing guidelines, not the statutory maximum for his crime. However, he cannot satisfy the second prong because he cannot show either that he lacked a reasonable chance to obtain judicial correction of his sentence or that the error was a "fundamental defect." Whether his one-year period ran from the time that Begay was decided in 2008 or from January 13, 2009, when Chambers was decided, defendant had time and opportunity to challenge his sentence during that period. More to the point, he is not challenging a fundamental defect in his sentence. Reed v. Farley, 512 U.S. 339 (1994) (habeas review is available to check violations of federal laws when error

10

"qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice'") (citing Hill v. United States, 368 U.S. 424, 428 (1962)); Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999).

The court of appeals has made it clear that § 2255 is "inadequate or ineffective [so as to allow a prisoner to use the escape hatch] only when a prisoner is unable to present a claim of actual innocence." Unthank v. Jett, 549 F.3d 534, 536 (7th Cir. 2008). See also Davenport, 147 F.3d at 610 (finding prisoner's claim that he was "being held in prison for a nonexistent crime" cognizable under § 2241). In other words, when a prisoner is attempting to use § 2241 to challenge his *conviction*, he must show that "the Supreme Court [has] interpret[ed] the statute underlying the conviction in a way that shows that the defendant did not commit a crime." Unthank, 549 F.3d at 536; Cooper, 199 F3d at 901. When challenging a *sentence*, as defendant is doing, the prisoner must be able to show that his sentence imposes a punishment that the law cannot impose on him. Welch, 604 F.3d at 413 (citing Schriro v. Summerlin, 542 U.S. 3458, 352 (2004)). Defendant cannot make that showing.

### D. Procedural Default

The government asserts one additional reason why defendant is not entitled to any further consideration of his motion: he procedurally defaulted his challenge to the guidelines

11

calculation by never raising the issue on direct appeal. Although defendant appealed from his original sentence, which was reduced from 120 months to 96 months, he took no appeal from the second sentence. "An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt v. United States, 83 F.3d 932, 935 (7th Cir. 1996). Although defendant had cause for not appealing because the law of the circuit was firmly against him at the time he was sentenced, he has not shown that he will be prejudiced if his challenge is not heard. The change in law does not affect sentences imposed under the sentencing guidelines, as his was. For this same reason, he cannot establish that the failure to consider his claim would result in a fundamental miscarriage of justice.

### E. Certificate of Appealability

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although I declined to issue a certificate of appealability when this case was before the court in February, now that the court of appeals has concluded that the merits needed reconsideration, I cannot say that reasonable jurists would not debate the issues defendant has raised. Accordingly, I will grant the certificate.

ORDER

On reconsideration of defendant David M. Nelson's motion for post conviction relief under 28 U.S.C. § 2255, in accordance with the remand of the Court of Appeals for the Seventh Circuit, IT IS ORDERED that the motion is DENIED because it is untimely, because defendant procedurally defaulted his challenge and because the claim is not cognizable under § 2255.

FURTHER, IT IS ORDERED that defendant is granted a certificate of appealability.

Entered this 22d day of November, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge